# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Prince Boyle Wylie,             Civil No. 13-0709 (SRN/JJG)

      Petitioner,

v.                                REPORT AND RECOMMENDATION

U.S. Department of Homeland
Security – I.C.E.,

      Respondent.

JEANNE J. GRAHAM, United States Magistrate Judge

Petitioner Prince Boyle Wylie ("Petitioner") was an inmate at the Carver County Jail awaiting removal from the United States. (Resp't's Resp., Apr. 23, 2013, ECF No. 5.) On March 28, 2013, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Pet., Mar. 28, 2013, ECF No. 1.) In the petition, he challenged the length of his detention pending his removal from the United States under *Zadvydas v Davis*, 533 U.S. 678 (2001). He requested "to be released on ICE supervision." (Pet. at 9.) One week later, on April 4, 2013, ICE released Petitioner from custody on an order of supervision. (Brooker Decl. Ex. 1, Apr. 23, 2013, ECF No. 6.)

The question is whether Petitioner's release from ICE custody on an order of supervision renders his petition moot. Federal courts have jurisdiction over cases and controversies. U.S. Const. art. III, § 2. However, the controversy "must exist throughout the litigation; otherwise the case is moot. Federal courts lack power to decide the merits

of a moot case." *Ams. United for Separation of Church & State v. Prison Fellowship Ministries, Inc.*, 509 F.3d 406, 421 (8th Cir. 2007) (internal citations omitted).

The Eighth Circuit has similarly held that an application for a writ of habeas corpus is moot upon the release of the petitioner because the petitioner "arguably received the relief he requested." *Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005). However, there are four exceptions to the mootness doctrine that may apply when a petitioner is released subject to conditions of release. Specifically, a court should not dismiss a petition as moot if: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Sayonkon v. Beniecke*, Civ. No. 12-0027 (MJD/JJK), 2012 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002)). The exceptions are not present in the instant case.

Collateral consequences are continuing injuries other than the "now-ended incarceration or parole." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Although the Petitioner's release is subject to conditions of supervision, such conditions are not collateral consequences because the conditions arise from the removal order, not detention. *See Rennie v. Baniecke*, 12-CV-1715 (RHK/JJG), 2013 WL 1407675 at *2 (D. Minn. Mar. 15, 2013) *report and recommendation adopted*, 2013 WL 1407356 (D. Minn. Apr. 8, 2013). As such, no collateral consequences exist.

An issue is deemed capable of repetition yet evading review when, *inter alia*, "there is a reasonable expectation that the same complaining party will be subject to the same action again." *Minn. Humane Soc'y v. Clark*, 184 F.3d 795, 797 (8th Cir. 1999). Here, there is no reasonable expectation that Petitioner will be subject to the same action because he has been released. *See Rennie,* 2013 WL 1407675, at *2.

The third exception to the mootness doctrine has been interpreted by courts in the District of Minnesota to prevent circumstances where the "Respondent release[s] Petitioner to deprive this Court of jurisdiction by temporarily altering questionable behavior." *Sayonkon*, 2012 WL 1621149, at *4 (quoting *Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1329, 1333 (11th Cir. 2005)). Here, there is no indication that the release of Petitioner was temporary in order to deprive the Court of jurisdiction. Indeed, the release documents indicate that Petitioner is permitted to be at large until he is deported. As such, this exception is inapplicable.

Lastly, this is not a class action, and thus, the class action exception does not apply to the instant case.

This controversy originates from Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. There, Petitioner "request[s] to be released on ICE supervision pursuant to section 241(a) of [the] Immigration and Nationality Act." (Pet. at 9.) ICE released Petitioner and, in doing so, gave Petitioner the relief he sought. None of the exceptions to mootness are present. As such, the Petition is moot.

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) **BE DISMISSED AS MOOT**.

2. This matter be dismissed in its entirety and **JUDGMENT ENTERED ACCORDINGLY**.

Dated: September 30, 2013
s/*Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **October 21, 2013.** A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.